```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       ASHEVILLE DIVISION
                        1:05CV84-MU-02


MALIK EL JIHAD TALIB ADIB,     )
     Plaintiff,                )
                               )
        v.                     )
                               )
BILL BAKER, former Supt. of    )
   the Avery-Mitchell Correc-  )
   tional Institution;         )
FINESSE G. COUCH, Executive    )
   Director of Inmate Grievance)
   Resolution Board;           )
BOYD BENNETT, Director of      )
   North Carolina Prisons;     )
BRUCE PITTMAN, Unit Manager at )
   Avery-Mitchell Correctional )
   Institution;                )
THEODIS BECK, Secretary of     )
   North Carolina Department of)
   Corrections;                )          O R D E R
BEATRICE MCGEE, Nurse at the   )
   Avery-Mitchell Correctional )
   Institution;                )
MARY PITTMAN, Sergeant at the  )
   Avery-Mitchell Correctional )
   Institution;                )
LANDER CARPENING, Administra-  )
   tor at Avery-Mitchell Cor-  )
   rectional Institution;      )
DENNIS ROWLAND, Asst. Director )
   at the North Carolina De-   )
   partment of Corrections;    )
BENITA WITHERSPOON, Unit       )
   Manager at the Albemarle    )
   Correctional Institution;   )
```

```
JEAN STEWART, Lieutenant at   )
  the Hoke Correctional Insti-)
  tution; and                 )
JOHN and JANE DOES, otherwise )
  unidentified,               )
      Defendants.             )
_____)
```

**THIS MATTER** comes before the Court on initial review of the plaintiff's Complaint under 42 U.S.C. §1983, filed April 6, 2005. For the reasons stated herein, the plaintiff's Complaint will be <u>dismissed</u>, without prejudice, in part; it will be <u>dismissed</u>, with prejudice, in part; and a portion of the Complaint will be allowed to proceed, but only as against defendants Bruce Pittman, Beatrice McGee and Lander Carpening.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, in 1987 the plaintiff was an inmate in the custody of the North Carolina Department of Corrections ("N.C.D.O.C.," hereafter).  During that period of incarceration, the plaintiff became a "follower of Al-Islam."  As a result, the plaintiff obtained a legal name change from "Anthony McLean" to "Malik El Jihad Talib Adib," the name which he has continued to use since that time.  In addition to obtaining a Court-sanctioned name change, the plaintiff had his name changed on his Birth Certificate and Social Security documents. While in prison on that occasion, the plaintiff reportedly was allowed to "access all prison services" using his new Islamic name.

In 1997, the plaintiff sustained a second conviction. That time, the Judgment and Commitment form identified the plaintiff --and he was imprisoned within the N.C.D.O.C--as "Malik El Jihad Talib Adib AKA Anthony McLean." The plaintiff does not indicate whether or not he attempted to obtain prison services under his Islamic name during his second term of incarceration.

In any event, in 2001 the plaintiff was convicted and imprisoned within the N.C.D.O.C. yet a third time. The Judgment and Commitment form regarding the plaintiff's 2001 case identifies him as "Malik El Jihad Talib Adib," exclusively. Such form does not reference the plaintiff's prior, given name.

In March 2002, the plaintiff submitted multiple request forms for medical treatment for rashes and irritations caused by a sexually transmitted disease and for recurrent, severe back pain. Such requests referenced both the plaintiff's new legal name, Malik El Jihad Talib Adib *and* his former, given name, "Anthony McLean." However, defendant McGee is alleged to have repeatedly denied and/or ignored the plaintiff's requests for treatment on the ground that the plaintiff had failed to use only the name "Anthony McLean" on the request forms.

To compound matters, the plaintiff alleges that he submitted multiple grievances concerning the denials and rejections of his requests for medical treatment. However, said grievances also were rejected and/or ignored--despite the fact that the grievance

3

forms identified him under both his new legal name <u>and</u> his former name.  As a result, the plaintiff submitted additional grievances about the failure to address his grievances.

Eventually, however, the plaintiff did get a response to one of his grievances from defendant Bruce Pittman.  That response advised the plaintiff that under relevant prison policies, inmate grievance forms must be submitted "by the inmate on the inmate's own behalf . . . "; and that the plaintiff had violated such policy by having placed both the names Malik Adib and Anthony McLean on his requests, when "all of [the plaintiff's] inmate records . . . have [him] listed as Anthony McLean."  On appeal, defendant Carpening affirmed defendant Bruce Pittman's determination, and further advised the plaintiff that in the future, he should "use the name that is on file with the DOC, which is Anthony McLean."

With respect to at least one of the plaintiff's grievances concerning the denial of his requests for medical care, the plaintiff alleges that defendant Carpening also rejected that complaint, advising that "at no time would any member of our medical staff specifically advise a patient that he would be refused medical treatment for the use of an 'alias' as suggested by your grievance."

In addition, the plaintiff alleges that as a result of the instant disagreements with the foregoing defendants, on April 3,

2002, defendant Bruce Pittman posted a notice in the mail room which advised that any outgoing mail which did not have a "full proper name on the outside of the envelope . . . <u>will not be sent out nor will it be returned to the inmate</u>" (emphasis in original). As a result, the plaintiff claims that several pieces of mail which he had tried to send under the name Malik Adib, were "trashed" by prison staff.

Finally, further review of the plaintiff's Complaint reveals allegations that defendant Dennis Rowland wrongfully rejected a confidential grievance which the plaintiff sent to him concerning these matters; that defendant Witherspoon charged him with an infraction at the Albemarle Correctional Institution for his having used his Islamic name on a particular occasion; and that defendant Jean Stewart forced him to plead guilty to an offense at the Hoke Correctional Institution in connection with his having given his Islamic name in response to a command to identify himself.

Such review also demonstrates that the plaintiff has listed Bill Baker, Finesse G. Couch, Boyd Bennett, Theodis Beck, Mary Pittman and John and Jane Doe as defendants to this action. However, he has not set forth a single allegation against them.

Accordingly, the Court finds that this Complaint must be dismissed, without prejudice, as to defendants Witherspoon and Stewart inasmuch as the allegations against them involve matters

5

which took place outside of this judicial district.  That is, neither the Albemarle Correctional Institution nor the Hoke Correctional Institution are situated within the Western District of North Carolina.  Consequently, this Court finds that this Court would be an improper venue for those claims.  See 28 U.S.C.A. §1391(b)(providing that civil actions are proper where, inter alia, where "a substantial portion of the events underlying the claim occurred.").

Similarly, the plaintiff's Complaint must be dismissed as against defendants Baker, Couch, Bennett, Beck, Mary Pittman and Doe for the plaintiff's failure to set forth a single allegation as to them.

However, the plaintiff's allegations against defendants Bruce Pittman, McGee and Carpening are another matter altogether. Indeed, the petitioner has, at least up to this point, set forth facts which are sufficient to state a claim for deliberate indifference to his serious medical needs, and possibly one for failure to correct misinformation in his prison files.  See generally Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997)(discussing claims of deliberate indifference); and Paine v. Baker, 595 F.2d 197, 202-03 (4th Cir. 1979) (discussing elements of claim for correction of false information).  Accordingly, these three defendants will be directed to respond to the plaintiff's Complaint as hereafter set forth.

**NOW, THEREFORE, IT IS ORDERED:**

1. That the instant Complaint is **DISMISSED, without prejudice,** as against defendants Witherspoon and Stewart;

2. That this Complaint is **DISMISSED with prejudice** as against defendants Baker, Couch, Bennett, Beck, Mary Pittman and John and Jane Doe; and

3. That defendants Bruce Pittman, Carpening and McGee shall file a timely response to this action in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

**Signed: May 4, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge