```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:05CV84-02-MU
```

MALIK EL JIHAD TALIB ADIB,        )
        Plaintiff,                )
                                  )
        v.                        )
                                  )           O R D E R
BRUCE PITTMAN, Unit Manager at    )
  Avery-Mitchell Correctional     )
  Institution;                    )
BEATRICE McGEE, Nurse at the      )
  Avery-Mitchell Correctional     )
  Institution; and                )
LANDER CARPENING, Administra-     )
  tor at Avery-Mitchell           )
  Correctional Institution,       )
        Defendants.               )
_____)

**THIS MATTER** comes before the Court on the plaintiff's Complaint under 42 U.S.C. §1983, filed April 6, 2005; on his "Motion For The Appointment Of Counsel," filed July 7, 2005; and on the plaintiff's "Request For Entry Of Default" and his "Request For Entry Of Default Judgment," both filed August 23, 2005.

For the reasons stated herein, the plaintiff's Motion for Counsel will be <u>denied</u>; and his Requests for Entry of Default and Default Judgment will be <u>dismissed</u> as moot.  However, inasmuch as the plaintiff has established that the defendants' conduct violated his First Amendment rights, the Court will enter a Judgment for the plaintiff.

# I. FACTUAL AND PROCEDURAL BACKGROUND

By the plaintiff's Complaint, he alleged that in 1987 while he was an inmate within the North Carolina Department of Corrections, he became a follower of "Al-Islam." As a result, the plaintiff alleges that he obtained a legal name change from his birth name "Anthony McLean," to an Islamic name, "Malik El Jihad Talib Adib"; and that he has continued to use such Islamic name since the legal change was completed. In addition to having obtained his Court-sanctioned name change, the plaintiff reports that he also had his name changed as above noted on his Birth Certificate and his Social Security Documents. During the time that he spent incarcerated prior to 1997, the plaintiff reportedly was able to "access all prison services" using his Islamic name.

In 1997, the plaintiff again was ordered to serve a new period of incarceration within the N.C.D.O.C. The Judgment evidencing that conviction identifies the plaintiff as "Malik El Jihad Talib Adib AKA Anthony McLean." The plaintiff does not report that he experienced any difficulties accessing prison services under his Islamic name during that particular period of incarceration.

Next, in 2001 the plaintiff was convicted of yet another offense for which he currently is in the custody of the N.C.D.O.C. The Judgment evidencing this current conviction

2

identifies the plaintiff solely by his Islamic name, "Malik El Jihad Talib Adib," and does not make any reference to his birth name.  Nevertheless, the plaintiff reports that he is experiencing significant difficulty in accessing prison services under his legal Islamic name.

That is, the plaintiff alleges that beginning in March 2002 when he requested medical treatment (for rashes and irritations caused by a sexually transmitted disease and for recurrent, severe back pain) by submitting forms on which he provided both his new legal name and his former name, defendant McGee ignored the requests.  After being pressed for an explanation, defendant McGee allegedly told the plaintiff that his requests had been ignored due to his failure to use only the name "Anthony McLean" on his medical request forms.

In addition, the plaintiff alleges that he submitted multiple grievances concerning the denial of his requests for medical treatment.  However, the plaintiff asserts that despite his having used both his legal Islamic name <u>and</u> his former birth name on such request and grievance forms, his complaints also were ignored.  Subsequently, defendant Pittman informed the plaintiff that pursuant to relevant prison policy, grievance forms had to be submitted "by the inmate on the inmate's own behalf . . . ," thereby suggesting that the plaintiff's use of his legal Islamic name was tantamount to his having submitted grievances on behalf

3

of another inmate.  Defendant Pittman also told the plaintiff that plaintiff had violated prison policy by using his Islamic name reportedly because "all of [the plaintiff's] inmate records . . . have [him] listed as Anthony McLean."

In addition, the plaintiff alleges that on several occasions, he submitted mail for posting under his legal, Islamic name.  However, on April 3, 2002, defendant Pittman posted a notice in the mail room, advising that any outgoing mail which did not have a "full proper name on the outside of the envelope . . . w[ould] not be sent out nor w[ould] it be returned to the inmate" (emphasis in original).  Thus, the plaintiff alleges that several pieces of his mail were "trashed" by prison staff.

To further complicate matters, the plaintiff appealed his grievances concerning these matters to defendant Carpening, but Carpening affirmed those decisions.  Defendant Carpening also allegedly told the plaintiff that in the future, he should "use the name that is on file with the DOC, which is Anthony McLean" to access services or other activities at the prison.

After conducting its initial review of the plaintiff's allegations, the Court found that such matters could possibly state a claim for a violation of the plaintiff's constitutional rights.  Consequently, by an Order filed May 5, 2005, the Court directed the three defendants to file an Answer or other appropriate response to the plaintiff's Complaint.

4

According to Court records, the U.S. Marshal promptly served the defendants with process on May 12, 2005.  Thus, pursuant to the relevant provisions of the Federal Rules of Civil Procedure, the defendants' Answers were due to be filed with Court on or before June 2, 2005.  However, June 2, 2005 passed without significance for this case.

Indeed, counsel for the defendants did not bother to enter an appearance until a month later on July 1, 2005.  At that time, counsel filed a Motion for Extension of time, seeking up to August 3, 2005 in which to respond to the plaintiff's Complaint. Despite its untimeliness, by Order filed July 13, 2005, the Court granted the defendants' Motion for Extension.  Notwithstanding counsel's good fortune, the defendants' second deadline of August 3, 2005 also passed without significance for this case.

Not surprisingly, then, on August 23, 2005, the plaintiff filed his Requests for the Entry of Default and for Default Judgment against the defendants.  Such Requests are premised upon the defendants' utter lack of responsiveness to the Court's Orders and to the plaintiff's Complaint.

Now, having fully and carefully considered these matters, the Court finds that the plaintiff has prevailed in demonstrating that the defendants have violated his constitutional rights. Accordingly, the plaintiff is entitled to a favorable Judgment on his Complaint.

## III. **ANALYSIS**

By the allegations set forth in his Complaint, the plaintiff essentially is alleging a claim for a violation of his First Amendment right to freely exercise his religious beliefs. As has been noted, the defendants have entirely failed to respond to the plaintiff's Complaint, or even to seek additional time in which to give a response. Therefore, the plaintiff's allegations are unopposed, and must be taken as true. See Fed.R.Civ.P. 8(d).

Moreover, the plaintiff actually has submitted several attachments in support of his Complaint. Such documents amply support the plaintiff's allegations. That is, the documents which were submitted reflect that the plaintiff did, in fact, legally change his name as has been described; that the Judgment from his second conviction identifies him as "Malik El Jihad Talib Adib AKA Anthony McLean"; and that the Judgment from his current conviction identifies him solely as "Malik El Jihad Talib Adib."

Furthermore, such documents include copies of the grievances which the plaintiff submitted, and those grievances evidence defendant McGee's representations that the plaintiff's requests for medical services were denied solely due to his failure to refer to himself by his former name; that defendant Pittman rejected the plaintiff's grievances for that same reason, and he also announced the policy regarding the posting of inmate mail; and

6

that defendant Carpening advised the plaintiff that he had to use the name "Anthony McLean" in order to access any prison services or benefits.

In Turner v. Safley, 482 U.S. 78, 84 (1987), the Supreme Court reminded lower courts that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." More particularly, the Court further instructed that "[i]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Such points are not lost on this Court inasmuch as the critical issue here is whether the plaintiff's rights have been violated by the defendants' refusal to accommodate his use of his legal, religious name.

Here, again, the record shows that the plaintiff has undergone a legal name change as a result of his conversion to Al-Islam. Such change occurred prior to the instant episode of incarceration, and the plaintiff even was committed under his legal, Islamic name. Nevertheless, the defendants have refused to allow the plaintiff to access prison services, such as medical treatment and use of the mail facilities in his Islamic name.

However, in Barrett v. Virginia, 689 F.2d 498, 503 (4th Cir. 1982), the Court of Appeals held that "because the [F]irst [A]mendment protects an inmate's right to legal recognition of an

7

adopted religious name, correctional authorities may not properly condition the receipt of services or benefits upon his waiving such a right." Indeed, forcing an inmate to acknowledge his "religiously offensive name" in order to receive services to which he is entitled violates such inmates's rights. Id. at 90. Similarly, the defendants' refusal to address the plaintiff by his religious name--particularly in the absence of an explanation regarding the prison's penological interests or any other matters--also impinges upon his right to freely practice his religion. Accordingly, the Court finds that the defendants' conduct constitutes a violation of the plaintiff's First Amendment rights.

Turning now to the remedy, by his Complaint the plaintiff has requested certain injunctive relief, along with compensatory and punitive damages. The plaintiff has also asked to be transferred to another facility. However, the plaintiff has not set forth any information to support his request for punitive damages. Nor has the plaintiff explained exactly how the $384.00 which he is seeking as a recovery for "disciplinary fees" and for time he spent in segregated confinement relate to his claims. Furthermore, the Court is well aware that decisions concerning the transfer and housing of inmates are best left to the sound discretion of N.C.D.O.C. officials. Consequently, the plaintiff's requests for punitive damages, for recovery of the

8

disciplinary and confinement fees and for a transfer must be <u>denied</u>. Similarly, inasmuch as the plaintiff has prevailed on his own, his Motion for Counsel also will be <u>denied</u>.

On the other hand, the plaintiff's request for the costs of this action, including the $250.00 filing fee which is being deducted from his inmate trust account along with the $2.04 postage fees which were either occasioned by this action or by the defendants' having wrongfully disposed of his mail, will be <u>granted</u>.

Finally, inasmuch as this Court is entering a Judgment for the plaintiff, his Requests for Entry of Default and Default Judgment will be <u>dismissed</u> as moot.

### III <u>CONCLUSION</u>

Based upon the plaintiff's well supported pleadings, and the defendants' failure to contest any of the plaintiff's allegations, the plaintiff is entitled to a Judgment for the defendants' violation of his First Amendment rights.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS ORDERED:**

1. That the plaintiff's Request for Entry of Default (document # 15) is **DISMISSED** as moot;

2. That the plaintiff's Request for a Default Judgment (document # 16) is **DISMISSED** as moot;

3. That the plaintiff's Motion for the Appointment of

9

Counsel is **DENIED**;

4. That the Clerk shall enter a final Judgment in favor of the plaintiff on his Complaint against defendants Pittman, McGee and Carpening;

5. That the Avery-Mitchell Correctional Institution is **ENJOINED** from denying the plaintiff any and all services or benefits to which he is entitled on the basis of his use of his legal name, "Malik El Jihad Talib Adib";

6. That the Avery-Mitchell Correctional Institution is further **ENJOINED** from referring to the plaintiff by any name other than his legal name, "Malik El Jihad Talib Adib" or simply "Malik Adib";

7. That the Avery-Mitchell Correctional Institution shall **AMEND** its records to reflect the plaintiff's correct, legal name;

8. That the plaintiff's request for a transfer is **DENIED**;

9. That defendants Pittman, McGee and Carpening are jointly and severally liable to the plaintiff in the total amount of $252.04. Such amount must be paid by the defendants to this Court. Upon receipt of that payment, the Court shall remit to the plaintiff any portion of the filing fee which has already been deducted from his inmate trust account.

The Clerk shall send copies of this Order to the parties and to counsel for the defendants, Joseph E. Elder.

**SO ORDERED.**

**Signed: September 15, 2005**

*Graham C. Mullen*
Chief United States District Judge